UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:18-cr- |
| JOSEPH FREEMAN, | ) ) | |
| Defendant. | ) | |

1:18-cr-0081 JMS -DML

FILED
MAR 20 2018
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At times material to all of these charges:

1. JOSEPH FREEMAN, the defendant herein, was a resident of the Southern District of Indiana.

2. The name "Minor Victim 1" is the pseudonym of a girl who was 11 and 12 years old.

3. The name "Minor Victim 2" is the pseudonym of a girl who was 14 years old.

4. On five separate occasions, the defendant sexually exploited Minor Victim 1 and 2 by producing, and attempting to produce, visual depictions of them engaging in sexually explicit conduct.

5. The defendant knew, and had reason to know that the visual depictions of Minor Victim 1 and 2 would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

1

6. The visual depictions of Minor Victims 1 and 2 were produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, because the defendant used cameras and other devices manufactured outside Indiana.

7. The visual depictions of Minor Victims 1 and 2 were transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed because the defendant used cellular telephones, an Internet based email account, and an Internet file storage account to move and store the depictions.

8. The Internet and the cellular phone network are facilities of interstate or foreign commerce.

**Definitions**

9. The term "minor" means a person under the age of eighteen (18) years as defined in 18 U.S.C. § 2256.

10. The term "sexually explicit conduct" as defined in 18 U.S.C. § 2256, means actual or simulated 1) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same sex or opposite sex; 2) masturbation; or 3) lascivious exhibition of the genitals or pubic area of any person.

11. The term "visual depiction" is defined as to include undeveloped film and videotape, data stored on computer disk or by other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. 18 U.S.C. § 2256(5).

**Counts 1-5**
**Sexual Exploitation of a Child and**
**Attempted Sexual Exploitation of a Child,**
**U.S.C. §§ 2251(a) and (e)**

12. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference in Counts 1-5.

13. On or about the dates listed below in each separate Count, within the Southern District of Indiana and elsewhere, the defendant, JOSEPH FREEMAN, did use, employ, entice, persuade, induce, and coerce a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and did attempt to do so, knowing or having reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, or that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or that such visual depiction was actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

3

| Count | Date | Minor Victim & age | Filename |
|---|---|---|---|
| 1 | September 3, 2015 | Minor Victim 1, age 11 | 2015-09-03_20-33-06_647.mp4 |
| 2 | September 15, 2015 | Minor Victim 1, age 11 | 2015-09-15_20-22-25_327.mp4 |
| 3 | December 29, 2015 | Minor Victim 1, age 12 | 2015-12-29_12-08-29_809.mp4: |
| 4 | December 31, 2015 | Minor Victim 1, age 12 | 2015-12-31_12-40-42_147.mp4 |
| 5 | February 8, 2018 | Minor Victim 2, age 14 | 20180208_144155.mp4 |

Each Count of which is a separate violation of 18 U.S.C. §§ 2251(a) and (e).

4

## **FORFEITURE**

1.  Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby notifies the defendant that it will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Sections 2253 and 2254 as part of any sentence imposed.

2.  Pursuant to Title 18, United States Code, Section 2253, if convicted of any of the offenses set forth in Counts 1-5 of this Indictment, the defendant shall forfeit to the United States:

    a.  any visual depictions described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depictions, which were produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

    b.  any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses of which the defendant is convicted, or any property traceable to such property, such as all computers, storage media, cameras and electronic equipment taken from his person or residence by law enforcement officers during the investigation of these offenses. It also includes any property, real or personal, constituting or traceable to gross profits of other proceeds derived from said offenses.

3.  The property subject to forfeiture includes, but is not necessarily limited to:

    a.  Black Nokia phone
    b.  White Samsung Galaxy
    c.  Samsung with Gray and Pink Case

5

    d. Nikon Camera
    e. Samsung Digital camera
    f. Dell laptop
    g. 2 SIM cards
    h. 2 Motorola cell phones

  4. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 18, United States Code, Section 2253(b), if any of the property described above in paragraph 3, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

5.  In addition, the United States may seek civil forfeiture of the property described above in paragraph 3 pursuant to Title 18, United States Code, Section 2254.

A TRUE BILL:



FO

JOSH J. MINKLER
United States Attorney

By: _____
Kristina Marie Korobov
Assistant United State Attorney

7